UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| QIANA COOK | * | CIVIL ACTION |
| | * | |
| | * | NO. |
| VERSUS | * | |
| | * | JURY TRIAL |
| WALMART, INC. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:   The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, **Walmart Inc.** (hereinafter referred to as "Walmart"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.     Plaintiff filed her Petition for Damages on July 8, 2020, against Walmart. (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2.     Walmart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on July 16, 2020.  (*See* CT Corporation Service of Process Transmittal Notice and Citation attached hereto *in globo* and marked for identification as Exhibit "B").

3.     The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Wal-Mart Supercenter, located at 1616 Airline Highway, LaPlace, Louisiana, on or about July 11, 2019.

4.      Plaintiff's Petition for Damages alleges that the amount in controversy is more than $50,000.00, exclusive of interest and cost.

5.      Walmart filed its Answer to Petition for Damages, Request for Notice, and Jury Order on August 31, 2020.  (*See* Answer to Petition for Damages, Request for Notice and Jury Order, attached hereto *in globo* as Exhibit C).

6.      In Paragraph 6 of Plaintiff's Petition, plaintiff alleges typical non-exclusive elements of damage: mental and physical pain and suffering, disability, medical expenses, and impaired earning capacity.

7.      In an attempt to determine the value of plaintiff's claims, defendant sent Interrogatories, Requests for Admissions, and Requests for Productions of Documents to the plaintiff on August 31, 2020.

8.      On September 30, 2020, plaintiff answered Walmart's Request for Admissions neither admitting nor denying whether plaintiff's damages exceed the sum of $75,000.00.  (*See* Plaintiff's Response to Request for Admissions, attached hereto as Exhibit "D").

9.      On September 30, 2020, plaintiff also answered Walmart's discovery requests and submitted Plaintiff's medical records and bills showing the treatment Plaintiff allegedly received in connection with her July 11, 2019 Walmart incident.

10.     The medical records submitted by Plaintiff's counsel show that Plaintiff sustained injuries to her lower back and right knee.  In particular, the medical records show that Plaintiff sustained a disc bulge at the L3-4 in the lumbar spine; a disc herniation at the L4-5 in the lumbar spine; and injuries to her right knee where she was diagnosed with chondromalacia patella and small joint effusion.

11.     Based on the medical records received to date showing treatment from August of

2019 through March of 2020, Plaintiff, as of March of 2020, was still treating.  In March of 2020, due to Plaintiff's continued complaints of lower back and right knee pain, Plaintiff's pain management doctor recommended that Plaintiff undergo a lumbar epidural steroid injection and a right knee steroid injection.

12.     The **medical bills** submitted by Plaintiff's counsel show that Plaintiff's total medical specials, as of March of 2020, were approximately **$8,731.89**, and that the estimated costs for the lumbar epidural steroid injection and right knee steroid injection are **$5,228.00**.

13.     Defendant's removal is based on: (1) the herniated and bulging discs Plaintiff sustained to her lumbar spine; (2) the diagnoses of chondromalacia patella and small joint effusion to Plaintiff's right knee; (3) the months of treatment Plaintiff has undergone; (4) the recommendations for a lumbar epidural steroid injection and a right knee steroid injection; and (5) the total medical specials of $8,731.89 for Plaintiff's treatment as of March of 2020.

14.     Based on Plaintiff's medical records and medical bills showing that she sustained herniated and bulging discs to the lumbar spine, right knee injuries, recommended injections to the lumbar spine and right knee, future medical care costs, and that, as of March of 2020, she incurred approximately $8,731.89 in medical specials, Walmart contends that the amount in controversy exceeds $75,000.00, and therefore files this removal.

**I.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

15.  28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between - (1) citizens of different States."

**A.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

16.  The Fifth Circuit has explained that for purposes of establishing removal

3

jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

17.   The medical records submitted by Plaintiff's counsel in discovery show that Plaintiff sustained a disc bulge at the L3-4 in the lumbar spine; sustained a disc herniation at the L4-5 in the lumbar spine; sustained injuries to her right knee where she was diagnosed with chondromalacia patella and small joint effusion; received recommendations to undergo a lumbar epidural steroid injection and right knee steroid injection, and was still treating as of March of 2020.

18.   The medical bills submitted by Plaintiff's counsel in discovery show that Plaintiff, as of March of 2020, has incurred approximately $8,731.89 in medical specials, and that the estimated costs for the recommended steroid injections to her lumbar spine and right knee are $5,228.00.

19.   Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006).

20.   While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs.

## B.   <u>COMPLETE DIVERSITY</u>

Defendant, Walmart Inc., is a Delaware corporation with its principal place of business in

Bentonville, Arkansas, which is a publicly held company.  No publicly traded entities hold 10% or more of the outstanding shares of Walmart Inc.

21.  Plaintiff is a resident of and domiciled in the Parish of St. John the Baptist, State of Louisiana.

22.  Accordingly, there is complete diversity of citizenship between the plaintiff and the defendant, Walmart.

23.  This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by the medical records and bills, exceeds SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.  **WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

24.  Walmart was served with the Petition through its agent for service of process, CT Corporation Systems, on July 16, 2020.

25.  Plaintiff's Petition for Damages does not allege that her damages are below $75,000.00; however, on September 30, 2020, Plaintiff's counsel submitted medical records in discovery that show Plaintiff (1) sustained herniated and bulging discs to her lumbar spine; (2) was diagnosed with chondromalacia patella and small joint effusion in her right knee; (3) underwent months of treatment; (4) was still treating as of March of 2020 and has been recommended to undergo a lumbar epidural steroid injection and a right knee steroid injection; and (5) incurred $8,731.89 in medical specials as of March of 2020.

26.  This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart of plaintiff's medical records in discovery on September 30, 2020, and is, therefore,

timely under 28 U.S.C. § 1446(b).

27.     Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND 00/100 DOLLARS ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

28.     The 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

29.     No previous application has been made by Walmart in this case for the relief requested herein.

30.     Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff, and a copy is being filed with the Clerk of Court for the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.

31.     Walmart Inc. desires and is entitled to a trial by jury of all issues herein.

WHEREFORE, Defendant, Walmart Inc., hereby removes this action from the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

/s/ Christopher James-Lomax
**DEVIN FADAOL, No. 26878**
**CHRISTOPHER JAMES-LOMAX, No. 37174**
**McCRANIE, SISTRUNK, ANZELMO,**

**HARDY, McDANIEL & WELCH, LLC**
909 Poydras Street, Suite 1000
New Orleans, LA  70112
Telephone:  (504) 831-0946
Facsimile:  (504) 831-2492
Email: cdf@mcsalaw.com; cjl@mcsalaw.com
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the

Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel by

operation of the Court's electronic filing system this 29th day of October, 2020.

*/s/ Christopher James-Lomax*

7