## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

QIANA COOK                                           CIVIL ACTION

VERSUS                                               NO: 20-02945

WALMART, INC.                                        SECTION: "H"

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Doc. 5). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

This personal injury suit arises out of Plaintiff Qiana Cook's slip-and-fall accident in a Walmart store in LaPlace, Louisiana on July 11, 2019. Plaintiff alleges that she slipped in an "uncommonly dangerous, liquid substance" on the floor of the Walmart. She brought suit against Walmart, Inc. ("Walmart") for unspecified injuries in the 40th Judicial District Court of Louisiana.

On October 29, 2020, Defendant Walmart removed Plaintiff's suit to this Court on diversity grounds. Shortly thereafter, Plaintiff filed the instant Motion to Remand arguing that diversity jurisdiction does not exist because the amount in controversy does not exceed $75,000. Defendant opposes.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand."[4] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[5]

## LAW AND ANALYSIS

Federal diversity jurisdiction exists when no plaintiff has the same citizenship as any defendant—complete diversity—and the "amount in controversy" exceeds $75,000.[6] Here, the parties do not dispute that complete diversity exists. However, they disagree about whether the amount in controversy requirement has been met.

"Generally, the amount of damages sought in [a plaintiff's state court] petition constitutes the amount in controversy, so long as the pleading was made in good faith."[7] Here, Plaintiff's petition does not identify an amount of

---

[1] 28 U.S.C. § 1441.

[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).

[3] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723. *See also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).

[4] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).

[5] 28 U.S.C. § 1447(c).

[6] *See* 28 U.S.C. § 1332(a).

[7] Thompson v. Acceptance Indem. Ins. Co., No. 14-1424, 2014 WL 7369733, at *3 (E.D. La. Dec. 29, 2014).

damages. When a plaintiff does not plead an amount of damages, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[8] "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount."[9]

## I.      Facially Apparent Standard

It is not facially apparent from the allegations of Plaintiff's petition that her claim is likely to exceed $75,000.[10] Plaintiff's petition does not specifically identify her injuries. Rather, it states that she seeks damages for "present and future mental and physical pain and suffering; past, present and future physical disability; past, present and future medical expenses; for an amount reasonable in the premises; [and] for her impaired earning capacity."[11] In addition, the petition states that the amount in controversy exceeds $50,000, exclusive of interest and cost.[12]

Plaintiff's allegations are "the usual and customary damages set forth by personal injury plaintiffs" and do not provide sufficient factual detail of the type or severity of her injuries for this Court to determine the monetary damages at issue.[13] Accordingly, it is not facially apparent that the amount in controversy is likely to exceed $75,000.

---

[8] Davisson v. State Farm Mut. Auto. Ins. Co., No. CV 17-6189, 2017 WL 4402235, at *4 (E.D. La. Oct. 3, 2017).

[9] *Manguno*, 276 F.3d at 723.

[10] Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000).

[11] Doc. 1-2.

[12] *Id.*

[13] Michael v. Blackhawk Transp., Inc., No. CV 19-193, 2019 WL 549610, at *2 (E.D. La. Feb. 12, 2019). *See* Touchet v. Union Oil Co. of Cal., No. 01-2394, 2002 WL 465167 at 2* (E.D. La. Mar. 26, 2002).

## II.     Summary Judgment Type Evidence

In considering the evidence submitted by Defendant, however, this Court finds that Defendant has shown by a preponderance of the evidence that Plaintiff's claim is likely to exceed $75,000. Defendant produced medical records that show that Plaintiff sustained injuries to her lower back and right knee. Specifically, an MRI revealed (1) a disc bulge in the lumbar spine; (2) a disc herniation in the lumbar spine; and (3) chondromalacia patella and small joint effusion in the right knee. Nearly two decades ago, Louisiana's Fifth Circuit Court of Appeal held that "the lowest general damage award" for a single "non-surgical herniated disc" was $50,000.[14] Plaintiff's medical costs through November 11, 2020 were $12,755, and she admits that she is still treating. Plaintiff was also billed $4,000 for her lumbar and right knee MRIs. Finally, Plaintiff's medical records indicate that epidural steroid injections have been recommended for her injuries at a cost of $5,228.[15]

Considering Plaintiff's documented medical expenses, her injuries, and her likely future medical expenses, Defendant has shown by a preponderance of the evidence that the amount in controversy likely exceeds $75,000. Accordingly, this Court has jurisdiction over this matter.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

---

[14] Webb v. Horton, 812 So. 2d 91, 99 (La. App. 5 Cir. 2002).
[15] *See* Doc. 8 at 3.

New Orleans, Louisiana this 16th day of April, 2021.


**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**